UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                                        CASE NO: 2:14-cr-125-FtM-38CM

RODERICK SEVALIS KEARSE

## ORDER[1]

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Carol Mirando ([Doc. #36](#)) filed on March 13, 2015. Defendant Roderick Sevalis Kearse filed timely objections to the Report and Recommendations and moved for leave to file a successive motion to suppress, or, in the alternative, to supplement the motion to suppress. ([Doc. #40](#)). The Government filed an untimely response to Defendant's objections ([Doc. #44](#)) on April 21, 2015. Two days later, Defendant moved to strike the Government's response ([Doc. #45](#)).[2] Thus, the Report and Recommendation is ripe for review.

## FACTS

The factual background of this case has been recited at length in the Report and Recommendation ([Doc. #36](#)) and need not be repeated in detail here.[3] In brief, the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] Since the Government's response was untimely and it failed to request leave to file the response out of time, the Court will not consider the filing.

[3] Defendant does not object to the facts of the Report and Recommendation, and, based on the Court's independent review of the record, the Court adopts and incorporates Judge Mirano's facts in this Order.

Honorable A. Andrew Swett of the Circuit Court of the Twentieth Judicial Circuit of Florida signed a search warrant for 3212 Dora Street, Fort Myers, Florida (the "Residence") on July 23, 2014.  The search warrant was based on an Affidavit and Application for Search Warrant of Detective Donald Weathers, Fort Myers Police Department (the "Affidavit"). The Affidavit states, "[d]uring the investigation your affiant with the use of confidential informant made [two] (2) controlled [drug] purchases from 3212 Dora Street." (Doc. #31-1, ¶ 6).  Detective Weather outlined, "[w]ithin the last twenty (20) days, your affiant with the assistance of Confidential Informant, made [two] (2) controlled drug purchase[s] from 3212 Dora Street." (Doc. #31-1, ¶ 7).   And "Buy 2 was made within the past ten (10) days with the assistance of the same CI, from the residence at 3212 Dora Street." (Doc. #31-1, ¶ 9).  In both instances, the seller was described as, a black male who appeared to be the Defendant. (Doc. #31-1, ¶¶ 8, 10). Although the Affidavit did not identify the specific dates of the controlled buys, Defendant later learned in discovery that July 4, 2014, and July 18, 2014, were the respective dates of the purchases.

On July 31, 2014, law enforcement officers searched the Residence and seized ammunition, which serves as the basis for charging Defendant with possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Consequently, Defendant moved for an evidentiary hearing under Franks v. Delaware, 438 U.S. 154 (1978) and to suppress all evidence seized at the Residence. (Doc. #30). As grounds, Defendant argued the Affidavit contains materially false information regarding a controlled purchase of marijuana at the Residence on July 18, 2014, because Defendant was allegedly working or returning home from work in Bonita Springs, Florida.

Without that second buy, Defendant argues the warrant lacks probable cause because the remaining information was stale.

On March 4, 2015, Judge Mirando held a hearing to determine whether she should hold the <u>Franks</u> evidentiary hearing regarding Defendant's claim that the search warrant affidavit contained false information. Nine days later, Judge Mirando issued the Report and Recommendation, finding that Defendant did not make the requisite "substantial preliminary showing" to warrant a <u>Franks</u> hearing. Defendant now objects to the Report and Recommendation.

## **STANDARD OF REVIEW**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. See 28 U.S.C. § 636(b)(1); U.S. v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also U.S. v. Farias–Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994). A district court may not reject the credibility determinations of a magistrate judge without personally rehearing disputed testimony from the witness. See Powell, 628 F.3d at 1256-58.

3

## DISCUSSION

### A. Legal standard

Under the Fourth Amendment, a search warrant must be supported by a sworn affidavit containing information that "is believed or appropriately accepted by the affiant as true." Franks, 438 U.S. at 165. Search warrants and their affidavits are presumptively valid. See United States v. Lebowitz, 676 F.3d 1000, 1010 (11th Cir. 2012). "Under Franks, a defendant may challenge the veracity of an affidavit in support of a search warrant if he makes a 'substantial preliminary showing' both that (1) the affiant deliberately or recklessly included false statements, or failed to include material information, in the affidavit; and (2) the challenged statement or omission was essential to a finding of probable cause." United States v. Arbolaez, 450 F.3d 1283, 1293 (11th Cir. 2006) (citing Franks, 438 U.S. at 155-56); United States v. Valencia-Trujillo, 573 F.3d 1171, 1182 (11th Cir. 2009) (citing Franks, 438 U.S. at 155-56). A defendant who satisfies both prongs is entitled to an evidentiary hearing on the matter. See Arbolaez, 450 F.3d at 1293. The Eleventh Circuit has noted that the substantiality requirement is not lightly met.

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

Id. at 1294 (citing Williams v. Brown, 609 F.2d 216, 219 (5th Cir. 1979)).

"[E]ven intentional or reckless omissions will invalidate a warrant only if inclusion of the omitted facts would have prevented a finding of probable cause."

United States v. Kapordelis, 569 F.3d 1291, 1309 (11th Cir. 2009). Looking only at the remaining portions of the affidavit, the court will then determine whether including the omitted facts would have prevented a finding of probable cause. See id. Defendant bears the burden of showing, "absent those misrepresentations or omissions, probable cause would have been lacking." Id. (citation omitted). "[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." Id. (citing Franks, 438 U.S. at 171-72).

Here, Defendant objects to the Report and Recommendation's finding that he failed to make the requisite "substantial preliminary showing" to entitle him to a Franks hearing, and the search warrant is valid and establishes probable cause for the search. (Doc. #40 at 8-15). The Court will address Defendant's objections in turn.

## B. First prong of Franks

As to the first prong in Franks, Defendant argues the Report and Recommendation fails to account for reasonable inferences that arise from his allegations. (Doc. #40 at 8). According to Defendant, his allegations support the inference that he was working on July 18, 2014, at the time of the second controlled buy, because he worked forty (40) hours that week and that July 18 was a workday. (Doc. #40 at 9). From that, Defendant employs the Court to infer that the second controlled buy was fiction. (Doc. #40 at 8-9).

Based on the record before it, the Court declines to infer that the second controlled buy did not occur on July 18, 2014, and thus the Affidavit contains deliberate or reckless misrepresentation of a material fact. Although Defendant claims to have been at work during the second controlled buy, he does not offer any rationale to refute the

5

Government's claim that the confidential informant purchased marijuana on July 18, 2014, at the Residence.  Defendant offers the Court nothing more than conclusory and self-serving allegations as grounds to infer that the second controlled buy never happened on July 18, 2014, as Detective Weathers states in the Affidavit.  In fact, because Defendant claims he was not at the Residence at the time of second controlled buy, he can neither confirm nor deny Detective Weather's claim that the confidential informant purchased marijuana.  Even so, the Court agrees with Judge Mirando that even if Detective Weathers was incorrect about Defendant being the seller during the second buy, it was immaterial because Detective Weathers did not misrepresent material information—the fact that a second buy occurred—was essential to the finding of probable cause.

Next, Defendant argues the Report and Recommendation erred in determining that affidavits are *per se* required as a matter of law to warrant a Franks hearing.  (Doc. #40 at 9-10).  In doing so, Defendant challenges Judge Mirando's reliance on United States v. Arbolaez, 450 F.3d 1283 (11th Cir. 2006), stating that affidavits are not necessary in every case. (Doc. #40 at 10).  In Arbolaez, the Eleventh Circuit upheld the denial of a Franks hearing, despite strong evidence of a false statement in the police officer's affidavit for a search warrant, because there was "no affidavit or otherwise sworn statement alleging that [the officer] knowingly or recklessly included false statements in the search warrant." Defendant misses the mark because case law is clear that "[t]o mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine."  Although Defendant did not have an opportunity to present evidence or witnesses at the March 5, 2015, hearing before Judge Mirando, the record does not reflect anything to substantiate his allegations.  Even with

his employer's alleged business records (i.e., his time sheets) and accepting Defendant's allegations as true, he concedes as "undoubtedly true" that Detective Weathers did not know that he was working on July 18, 2014. (Doc. #40 at 9). Given this concession, the Court is perplexed as to how Detective Weathers deliberately or recklessly included false statements in the Affidavit, or that he failed to include material information in said Affidavit.

Finally, Defendant argues that the law enforcement officers could not have observed traffic in and out of the Residence from the street because there is no place they could conceal their activity on the street. Judge Mirando found Defendant's allegations to be meritless, and the Court agrees. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. See Arbolaez, 450 F.3d at 1294. There must be allegations of intentional falsities or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. Id. Defendant merely makes a conclusory allegation that officers could not conceal themselves from view. Whether they could hide or not to observe the Residence is purely conjecture by Defendant. As such, Defendant's objection to the Magistrate Judge's Report and Recommendation regarding the ability of the officers to conceal themselves and observe traffic into and out of the Defendant's Residence is overruled.

Accordingly, the Court finds that the Report and Recommendation correctly concludes that Defendant failed to show how Detective Weathers deliberately or recklessly included false statements in the Affidavit, or that he failed to include material information.

7

## C. Second prong of Franks

Having found that Defendant failed to show how Detective Weathers deliberately or recklessly included false statements in the Affidavit, or that he failed to include material information, there is no need to proceed to Franks' second step.

Nevertheless, the Court finds that even if the July 18, 2014 buy is excised, there is still probable cause to support the warrant. Defendant disagrees, arguing that the July 4, 2014 buy is too remote in time to establish probable cause. To that end, Defendant argues that the information gathered from the July 4, 2014 buy is stale. And therefore, the allegations of ongoing surveillance or an anonymous tip are virtually meaningless if the only instance where drugs were actually sold from the residence was weeks earlier. The Court finds this argument unpersuasive.

In [United States v. Roundtree, 299 F.App'x 905 (11th Cir. 2008)](), the Eleventh Circuit addressed a nearly analogous situation. There, police officers received complaints alleging that a particular residence was selling narcotics. [Roundtree, 299 F.App'x at 906](). While conducting surveillance outside the residence, the police officers observed heavy foot traffic and hand-to-hand exchanges that appeared to substantiate the complaints. [Id.]() So the police officers arranged for a confidential informant to attempt to purchase a small amount of narcotics from the individuals at the residence. [Id.]() The attempt was successful, and the confidential informant purchased a small amount of crack cocaine. [Id.]() Armed with this information, the police officers secured a search warrant. [Id.]()

Because there was an eight-day gap between the time when the controlled buy occurred and when the warrant was issued, the defendant sought to suppress all of the evidence found during the search on the ground that the information supplied in the

8

affidavit to support the warrant was stale. Id. at 907. The Eleventh Circuit rejected this argument. Id. In doing so, the Eleventh Circuit first explained, "[t]here is no fixed time limit for when information becomes stale." Id. Rather, "[a] determination is made on the particular facts of each case." Id. But "[w]here the affidavit recites activity indicating protracted or continuous conduct, time is of less significance." Id. With these principles in mind, the Eleventh Circuit found that the information in the warrant affidavit – detailing a controlled buy and surveillance of other possible narcotics transactions – was not stale. Id.

The Court finds that the facts in the instant action warrant the same conclusion: the time period between the July 4, 2014 buy and the issuance of the warrant does not render the information in the affidavit stale. In the affidavit, Detective Weathers vividly describes the July 4, 2014 buy, providing detailed information about the drug sale. (Doc. #31-1, ¶ 8). Detective Weathers also notes that after the controlled purchases, he continued surveillance of the residence at various times of the day. (Doc. #31-1, ¶ 11). And during this surveillance, he witnessed "both vehicle and pedestrian [] traffic coming to and from the residence," completing "hand to hand exchanges" with "the male believed to be [Defendant] Kearse." (Doc. #31-1, ¶ 11). These "visits were short in length, most lasting less than three to five minutes," and a "majority . . . occurred in the early afternoon hours throughout the late evening hours," "consistent with street level drug sales." (Doc. #31-1, ¶ 11).

These disclosures in the affidavit, in and of themselves, provide enough of a factual basis for probable cause. To begin, Detective Weathers details a controlled buy in which Defendant, or someone thought to be him at his residence, sold a confidential informant

9

marijuana. A short time after this controlled buy, Detective Weathers continued to observe activity consistent with the sale of narcotics. And the latest surveillance occurred less than 4 days before the warrant was issued.[4] Clearly, this complies with Eleventh Circuit precedent on staleness. See Roundtree, 299 F.App'x at 907. Therefore, even after excising the July 18, 2014 buy, there is enough factual detail to support a finding of probable cause.

Accordingly, it is now **ORDERED**:

(1) Defendant Roderick Sevalis Kearse's Motion to Strike Government's Response to Defendant's Objection (Doc. #45) is **GRANTED**.

(2) The Clerk of Court is directed to **STRIKE** the Government's Response in Opposition to Defendant's Objection to the Magistrate Judge's Report and Recommendation (Doc. #44).

(3) The Report and Recommendation of United States Magistrate Judge Carol Mirando (Doc. #36) is **ACCEPTED** and **ADOPTED**.

(4) Defendant Roderick Sevalis Kearse's Motion for Franks Hearing and to Suppress the Evidence Discovered (Doc. #30) is **DENIED**.

(5) Defendant Roderick Sevalis Kearse's Request for Leave to File a Successive Motion or Alternatively to Supplement the Instant Motion is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 11th day of May 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

---

[4] The affidavit provides that the "continued surveillance" began after the "controlled purchases." Because the second and disputed controlled purchase occurred on July 18, 2014, it logically follows that the "continued surveillance" began on July 19, 2014, or later.